## City of Carbondale et al. v. Neary, City Treasurer

598

Before Hoban, P. J., Eagen and Robinson, JJ.

*James G. McDonough*, for plaintiffs.

ROBINSON, J., June 8, 1953.—The controversy in this amicable action of mandamus is rooted in the provi-

*Joseph Marzzacco*, for defendant.

sions of the Third Class City Code, amended and renumbered June 28, 1951, P. L. 662, sec. 25.1, 53 PS §12198-2532, which makes the city treasurer, by virtue of his office, also the collector of the city, county, school and institution district taxes. The officer, under the code, serves in the separate capacities of city treasurer and tax collector.

The pertinent facts have been established by stipulation and are summarized as follows: Complainants are the City of Carbondale, a city of the third class, and Alice Rushen, a clerk, formerly employed in the office of the tax collector in that city. Defendant, Bayard M. Neary, is the duly elected city treasurer and is also ex officio the tax collector in Carbondale. Prior to April 30, 1952, the City of Carbondale, the Carbondale School District and the Commissioners of Lackawanna County, under the provisions of the Local Tax Collection Law, authorized defendant, as tax col-

lector, to appoint four assistants or clerks and fixed the salaries to be paid them. Defendant, Neary, then appointed complainant, Alice Rushen, to one of the clerkships authorized by the taxing authorities. On March 28, 1953, defendant, Neary, as tax collector, discharged Miss Rushen from her employment without cause and without consent or authority of the taxing districts. The clerkship was not protected by civil service or simliar legislation. Subsequently, defendant appointed one Florence Neary to the position.

The question submitted by the amicable action concerns the propriety of Miss Rushen's discharge and the validity of her successor's appointment. Complainants contend that the discharge of Miss Rushen was illegal in that the Third Class City Code, as amended June 28, 1951, P. L. 662, sec. 9, 53 PS §12198-901, provides that the power of dismissal of all city officers and employes is vested in the city council.

It is clear under the stipulated facts that Miss Rushen's position was one of employment as a clerical subordinate in the office of her appointor, Neary. Her position was in nowise protected by law and she was therefore subject to dismissal at any time at the pleasure of the officer or body in whom that power was vested. The decision in the case must necessarily turn upon a determination of the true nature of her employment. If complainant Rushen is exclusively an employe of the City of Carbondale, the power of appointment and dismissal, properly considered, is vested in the council under the provisions of the Third Class City Code. On the other hand, if Miss Rushen is solely the employe of the tax collector, the city council, as such, has no authority over her and the power to remove her, in the absence of legislative provision, is vested in the officer authorized to appoint her. It is well settled law that when the legislature does not

provide for the manner of removal, the authority to dismiss is incidental to and vested in the appointing power. The statement does not require citation of authority.

Complainants argue that section 1408 of the Third Class City Code, reënacted June 20, 1951, P. L. 662, sec. 14.1, 53 PS §12198-1408, states that the employes of the city treasurer, whose number and compensation are fixed by the city council "shall be considered as employes of the city." As such, they argue Miss Rushen was an employe of the city and removable only by the action of council.

The difficulty with the argument is twofold. First, the stipulated facts do not establish that Miss Rushen was appointed under the provisions of the Third Class City Code as an employe of the city in the office of the treasurer. Secondly, the stipulation specifies that she was appointed under the provisions of section 33 of the Local Tax Collection Law of May 25, 1945, P. L. 1050, as last amended May 2, 1949, P. L. 791, and May 17, 1949, P. L. 1400, 72 PS §5511.33, as an employe of the tax collector. The fact is determinative of the issue here litigated.

Defendant as treasurer under the Third Class City Code serves in several capacities. He is the treasurer charged with receipt and payment of city funds and keeping the accounts of the several funds in his hands. He is required by the code to be a competent accountant. There is also imposed upon him the duty of collecting taxes levied by the city, county, school and institutional districts. For his services as city treasurer defendant is paid by the city, for his services as tax collector he is paid by the several taxing authorities in equal proportion. The employes who work for him as a city treasurer are employes of the city but those employed in the collection of taxes are not. The city council is

without power of appointment or dismissal in respect to an assistant or clerk employed by the officer in his capacity as a tax collector.

The stipulated facts do not reveal that the city council took any action under the code to fix the number of employes in the city treasurer's office and determine their compensation. Council did not make any of the clerks in defendant's office employes of the treasurer for the very practical reason that the city would in such situation be required to pay the entire salary of such an appointee. Presently, as employes of the defendant in his capacity as collector, the salaries of the clerical help are obligations of the taxing authorities. It is clear that Miss Rushen was appointed under the provisons of the Local Tax Collection Law. Her appointment by the collector was to one of the clerkships fixed by the joint action of the taxing districts. She was an employe of the tax collector and as such her salary, the premiums on her bond and contributions to the pension funds on her account were paid, as required by the Local Tax Collection Law, jointly and proportionately by the taxing districts. Miss Rushen was in no respect an employe of the city treasurer of Carbondale and the council was vested with no power of appointment or dismissal in respect to her position.

We are, therefore, of the opinion that the questions posed in the prayers of the amicable action are properly determined as follows: (1) The application for a peremptory writ of mandamus is refused; (2) the complaint in mandamus is dismissed, and (3) Florence Neary is entitled to the salary of the clerkship to which she was appointed.

Accordingly, June 8, 1953, the complaint in mandamus is dismissed and the City of Carbondale is directed to pay its proportionate share of the salary due Florence Neary.